UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA BODDA; MINOR APDB, <br><br>              Plaintiffs, <br><br> v. <br><br> STATE OF IDAHO CHILD PROTECTIVE SERVICES; CANYON COUNTY D.A.; CANYON COUNTY JUDGES; NAMPA POLICE, <br><br>              Defendants. | Case No. 1:16-cv-00267-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it pro se Plaintiff Melissa Bodda's complaint and in forma pauperis request, which the Clerk of Court conditionally filed. Pursuant to 28 U.S.C. § 1915, this Court must review Bodda's in forma pauperis complaint to determine whether it may be summarily dismissed. Bodda, the only party appearing in this action, has not filed a consent to the jurisdiction of a United States Magistrate Judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The Court therefore reviews the complaint and enters this order directing the Clerk of the Court to reassign this matter to a District Judge to determine whether the complaint, or any of the claims therein, should be summarily

dismissed under 28 U.S.C. § 1915(e)(2), or whether Bodda should be granted leave to amend.

## BACKGROUND

Melissa Bodda, appearing pro se on behalf of herself and her minor child, appears to allege that her child APDB was wrongfully taken from her by Caldwell Child Protective Services, the Nampa Police Department, and certain named individuals with Caldwell Child Protective Services. (Dkt. 2-3.) Bodda does not indicate when these events occurred. She alleges the taking of her child violates her rights and her child's rights under the "American Constitution for the United States also under UCC 1-308 formerly UCC 1-207 (reservation of rights, Title 18 U.S.C. § 1201 (felonious restraints), and they also violated my rights and my child's rights under title 18 U.S.C. § 241 and 242 (Conspiracy against rights and deprivations of rights under the color of law), also under title 42 U.S.C. § 1983." She seeks a remedy for these violations and demands the return of her child. The Court assumes there are state court proceedings involving Bodda's parental rights.

Attached to Bodda's complaint appears to be a "commercial lien" purporting to give notice to Magistrate Frank Paul Kotyk, Michael Nelson, Shannon Marshall, or any other involved parties that "all properties taken unlawfully" must be immediately returned, or else she will charge them with criminal fraud, theft, conspiracy of extortion, theft and fraud, and will place commercial liens against their real and personal property. Bodda filed also an "Affidavit of Truth," indicating that, if anything happens to her

during the pendency of this action, she "did NOT commit suicide or have an 'Accident'".

(Dkt. 2-2.)

## ANALYSIS

### 1.      Standard of Review

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the

Court must conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The

Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding pro se, the complaint must be liberally construed,

and Plaintiff must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,

447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Plaintiff

should be notified of the deficiencies and provided an opportunity to amend. *See Jackson

v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is

improper unless it is beyond doubt that the complaint "could not be saved by any

amendment." *Harris v. Amgen, Inc*., 573 F.3d 728, 737 (9th Cir. 2009).

Plaintiff appears to be asserting claims under 42 U.S.C. § 1983, the civil rights

statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by the

conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418,

1420 (9th Cir. 1991).

**MEMORANDUM DECISION AND ORDER  - 3**

2.      **Failure to State A Claim**

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id*. (internal quotation marks omitted).

Bodda has not alleged sufficient facts to proceed with her complaint. It is not clear how any of the named individuals violated Bodda's constitutional rights. She asserts no violation of any federal statute or constitutionally derived right. Rather, she states alleged violations of the Uniform Commercial Code under state law, and various alleged criminal violations. Further, the complaint is completely devoid of the "who, what, why, where, and when" necessary for the complaint to set forth a claim for relief.

3.      **The Court Lacks Jurisdiction Over Plaintiff's Family Law Claims**

The Court cannot offer review, reversal, or stay of any proceedings involving Bodda's parental rights that may be proceeding in the Idaho state courts. "A federal district court has no jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state

MEMORANDUM DECISION AND ORDER  - 4

court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id*. at 486 (internal citation omitted). The Rooker–Feldman doctrine prohibits district courts from exercising jurisdiction over an appeal, reversal, or modification of a state-court judgment. Such federal jurisdiction is lodged exclusively with the United States Supreme Court. 28 U.S.C. § 1257. The doctrine is "confined to cases ... brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005).

Additionally, in the area of family law, the United States Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (concluding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004).

The Court does not have subject matter jurisdiction to proceed in this action.

**MEMORANDUM DECISION AND ORDER  - 5**

**4.      Unauthorized Practice of Law**

Finally, upon review of the complaint, it appears Bodda seeks to represent her minor child. However, the only appropriate plaintiff in this matter is Ms. Bodda. Nonetheless, it appears Bodda seeks to represent her child's rights. Because legal representation may be provided only by a licensed attorney, Bodda may not represent her child in this action unless she is a licensed attorney admitted to practice before the Court or a lawfully appointed guardian appearing pro se. *See* 28 U.S.C. § 1654; *see also In re Complaint of Judicial Misconduct*, 715 F.3d 747, 748 (9th Cir. 2013); Dist. Idaho L. Rule 83.4; Idaho Code. § 3-104.

**ORDER**

Because the undersigned Magistrate Judge lacks the authority to enter final orders in this case, the Clerk is directed to reassign this matter to a District Judge for review and consideration of an order either dismissing Plaintiffs' Complaint, or granting leave to amend.

**IT IS SO ORDERED.**

Dated: **July 01, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 6**